BIRKETT WILLIAMS FORD, INC., APPELLEE, *v.* EAST WOODWORKING COMPANY ET AL.; HERSH, APPELLANT.

(No. 44848—Decided December 16, 1982.)

*Mr. Armond D. Budish,* for appellee.

*Mr. Eric S. Solowitch,* for appellant Hersh.

PRYATEL, C.J. This appeal concerns the dismissal of the third cause of action in defendant-appellant Michael Hersh's counterclaim against plaintiff-appellee, Birkett Williams Ford, Inc., alleging plaintiff's violation of the Equal Credit Opportunity Act, Section 1691, Title 15, U.S. Code.

Plaintiff Birkett Williams filed a complaint on April 8, 1980 against defendant Michael Hersh, his father, Z. T. Hersh, and his father's business, East Woodworking Company (hereinafter the "Company"), alleging that Z. T. Hersh and the Company were in default in payment on a note for $6,579.84, plus interest, executed in conjunction with the purchase of a 1978 Ford truck. The complaint also alleged that defendant Michael knowingly and fraudulently misrepresented to plaintiff that he was authorized by his father and the Company to execute and deliver the

note and security agreement as their agent, as a consequence of which plaintiff had received no payment on the note. Besides seeking full recovery from all defendants for the amount of the note ($6,579.84) plus interest, the complaint sought $50,000 in punitive damages against defendant Michael.

Attached to the complaint was the note for the purchase of the truck cosigned in the names of "Eastwood Working Company [*sic*], Z. T. Hersh, President" and "Z. T. Hersh" as "Buyers."[1]

Defendants Z. T. Hersh and the Company answered, denying that they entered into any agreement to purchase the truck. Defendant Michael in a separate answer, denied all allegations and pleaded as defenses that plaintiff had "falsely and fraudulently induced defendant to enter into" the transaction to purchase the truck, with an intent to defraud him; and, alternatively, that plaintiff was precluded from asserting that defendant Michael had affixed an unauthorized signature to the note and other documents since plaintiff "induced said defendant to execute the note and other documents in that fashion * * *." Further, defendant counterclaimed against plaintiff on three grounds (in three separate causes of action): (1) that defendant was damaged by plaintiff's refusal to deliver the truck to defendant after he made a downpayment; (2) that defendant was damaged when plaintiff made false representations to him regarding an agreement to transfer title of the truck to his name; and (3) that plaintiff violated the Equal Credit Opportunity Act by failing to disclose to defendant Michael that his application for a loan in connection with the purchase of the 1978 Ford truck had been denied, and for failure to provide defendant with specific reasons for this adverse action. This last cause of action also alleged that

---

[1] Defendant Michael has admitted signing these names to the note.

defendant Michael did not learn of this violation until plaintiff's complaint was filed, due to plaintiff's fraudulent concealment of facts through issuance of title to the truck in the name of the Company. Finally, defendant cross-claimed against plaintiff's salesman Ernest Sabo for fraudulently inducing him (Michael) to execute the note and other documents.

On March 17, 1981, plaintiff moved to dismiss defendant Michael's third cause of action in his counterclaim (re the Equal Credit Opportunity Act) as barred by the two-year statute of limitations; or, in the alternative, for partial summary judgment[2] on the grounds that defendant either knew or should have known that his credit application had been denied at the time that he executed the note and security agreement in the name of his father and the Company.

Attached to plaintiff's motion were the following: a copy of a "Retail Buyers Order and Invoice" dated November 25, 1977, showing title to the truck in the name of "Eastwood Working Company" [sic] signed by "Michael Hersh"; an application for a temporary plate for the truck on the same date also signed by "Michael Hersh" and citing as purchaser, "Eastwood Working Company" [sic]; and a copy of a police report stating that a truck belonging to "Eastwood Working Company" had been stolen on January 23, 1978, as reported by "the President's son Michael Hersh." Defendant Michael countered this motion with an affidavit declaring that he believed that title to the truck was in his name on November 25, 1977 (the date the note and security agreement were signed).

On April 13, 1981, the court granted plaintiff's motion for partial summary judgment or in the alternative for dismissal of defendant's third cause of action in his counterclaim. The case was then referred to arbitration, after which the court entered judgment upon the arbitrators' award as follows: finding for Z. T. Hersh and East Woodworking Company on plaintiff's complaint; finding for plaintiff against Michael Hersh in the amount of $8,317.58, plus costs; and finding for Ernest Sabo on defendant Michael Hersh's cross-complaint. No appeal has been taken from that judgment, with the exception of this appeal taken by defendant-appellant Michael Hersh as to the dismissal of the third cause of action in his counterclaim.

In bringing this appeal, defendant-appellant cites a single assignment of error:

"The trial court erred in granting plaintiff-appellee's alternative motion for summary judgment or dismissal of the third cause of action in defendant-appellant Michael Hersh's counter-claim when the pleadings adequately raised a defense against the statute of limitations upon which plaintiff-appellee's motion was based."[3]

Appellant argues that the trial court improperly dismissed the third cause of

[2] Ostensibly, there was no action taken regarding counts one and two in the counterclaim.

[3] The judgment entered below from which the appeal is taken makes no mention of the two remaining causes of action in appellant's counterclaim. However, we find that this judgment is a final appealable order to which Civ. R. 54(B) is not applicable since the judgment "has the effect of rendering moot all other claims in the action * * *." *Wise* v. *Gursky* (1981), 66 Ohio St. 2d 241, 243 [20 O.O.3d 233].

Count one of appellant's counterclaim was based on appellee's alleged failure of delivery of the truck; however, the record shows that the truck was not placed in appellant's name, so there was no duty of delivery to appellant. Furthermore, appellant himself reported to police that the truck had been stolen, not long after the date of purchase, thereby demonstrating that he had in fact obtained delivery. Count two of appellant's counterclaim averred that appellant was damaged by appellee's alleged false representations to him regarding placing title to the

action in his counterclaim since his pleadings were sufficient to rebut the defense of the statute of limitations on the grounds that "fraudulent concealment" tolls the running of the two-year statute of limitations in Section 1691(e), Title 15, U.S. Code.

The, equitable doctrine of fraudulent concealment, which tolls the running of a statute of limitations in a federal law, is defined in *Fitzgerald* v. *Seamans* (C.A. D.C. 1977), 553 F. 2d 220, at 228:

"Read into every federal statute of limitations, including the adoption of an analogous local statute of limitations, is the equitable doctrine that in case of defendant's fraud or deliberate concealment of material facts relating to his wrongdoing, *time does not begin to run until plaintiff discovers, or by reasonable diligence could have discovered, the basis of the lawsuit. Holmberg* v. *Armbrecht,* 327 U.S. 392, 396-97, 66 S. Ct. 582, 90 L. Ed. 743 (1946), *Tomera* v. *Galt,* 511 F. 2d 504, 510 (7th Cir. 1975)." (Emphasis added.)

Indispensable elements in the pleadings to establish a case for fraudulent concealment are:

(1) That defendant wrongfully concealed from plaintiff something he had a duty to disclose;

(2) That plaintiff failed to discover the facts which form the basis of his claim during the statutory period; and

(3) That plaintiff exercised due diligence until the facts were discovered. See *Dayco Corp.* v. *Goodyear Tire & Rubber Co.* (C.A. 6, 1975), 523 F. 2d 389, at 394.

Thus, the tolling of a cause of action for fraudulent concealment never continues beyond the time that a plaintiff, by exercising reasonable diligence, should have discovered the facts at issue. See, e.g., *Hartford Life Ins. Co.* v. *Title Guarantee Co.* (C.A. D.C. 1975), 520 F. 2d 1170; and *United Klans of America* v. *McGovern* (C.A. 5, 1980), 621 F. 2d 152.

In the case *sub judice,* defendant-appellant Michael pleaded fraudulent concealment in the following language:

"15. Defendant has not learned of this violation of rights as described in the preceding paragraph until the commencement of plaintiff's action due to the fraudulent concealment of the facts surrounding this matter by plaintiff through the issuance of title to said vehicle in East Woodworking Company thereby falsely and fraudulently portraying that said defendant's application for credit had been approved, said fraudulent concealment therefore tolling any limitation of action pursuant to the Federal Act."

We find that this pleading is deficient as to one of the three requirements, namely that it lacks the averment that appellant (styled "defendant" above) exercised due diligence to ascertain that his credit application for a loan in his own name had not been approved between November 25, 1977 (the date that the truck was purchased) and April 8, 1980 (the date of the commencement of this action, which he cites as the date of discovery).

We note that in *Chevalier* v. *Baird Savings Assn.* (E.D. Penn. 1974), 371 F. Supp. 1282, a case upon which appellant relies, for its presentation of the doctrine of fraudulent concealment, the district court (just as in the case at bar), dismissed plaintiffs' claim where there was a de-

---

truck in appellant's name. However, the court awarded judgment against appellant on his cross-claim against appellee's salesman for fraudulent inducement, thereby negating the claim of alleged fraud. Moreover, no appeal was taken from this judgment. Thus, both

counts one and two of appellant's counterclaim have been rendered moot, hence this court has jurisdiction to hear this appeal on its merits. *Wise, supra.* See, also, *Harleysville Mut. Ins. Co.* v. *Santora* (1982), 3 Ohio App. 3d 257.

ficiency in the pleadings as to fraudulent concealment.[4]

Moreover, even assuming *arguendo* that appellant's pleading adequately sets forth a defense to the running of the two-year statute of limitations on the grounds of fraudulent concealment, appellee's motion for partial summary judgment, on the grounds that appellant either knew or should have known on November 25, 1977 that his credit application had been denied, is well-taken.

In reviewing appellee's motion to dismiss, or in the alternative for partial summary judgment, the trial court had before it appellee's complaint with the note attached, appellant's answer, counterclaim and cross-claim, appellant's answers to interrogatories posed by appellee, and other documents submitted by appellee pertaining to the purchase of the truck. For appellant's part, the only document he submitted was his affidavit denying knowledge that his credit application had been refused.

The pleadings and documentary evidence before the court show that appellant applied for a loan with appellee Birkett Williams Ford on September 12, 1977 regarding purchase of a 1978 Ford truck. By his own admission, appellant executed a note and a security agreement for the purchase of this truck on November 25, 1977, signing the name of his father and his father's company as "buyers." Appellant admitted being told by appellee that "the loan had to be in the name of both Z. T. Hersh (his father) and the Company." He also admitted being told that "the truck and loan would have to be in * * * [my father's] name"; and that his father's name would have to be on the note "because of my age and credit." Other related documents signed by appellant on November 25, 1977 show the purchaser of the truck to be his father's

company, and the application for title to the truck likewise to be in the Company's name. Moreover, when appellant reported the truck stolen in January 1978, he did so on behalf of the Company as the "President's son," making no claim either to title to or ownership of the vehicle.

The only reasonable conclusion to be reached from this evidence is that appellant knew or should have known that his application for credit with appellee in his own name had been denied. Indeed, this very conclusion is acknowledged by appellant in his own pleading, when he states:

"In September through November, 1977, exact date unknown, defendant applied for an automobile loan in conjunction with the purchase of the 1978 Ford pick-up truck as more fully described in paragraph #6 of plaintiff's complaint. Such application was made in person and was not made for the extension of additional credit under an existing open end account.

"Subsequent to such application, *plaintiff never notified defendant of the denial of defendant's application for credit, defendant's application for credit being denied as illustrated by the note and other exhibits attached to plaintiff's complaint.*" (Emphasis added.)

Under Civ. R. 56(C):

"* * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Applying this test, we find that appellee met its burden of proving that "no genuine issue of material fact" existed as

---

[4] In *Chevalier,* the deficiency consisted of plaintiffs' failure to aver that defendants had the requisite fraudulent intention to conceal required by this doctrine. *Id.* at 1285.

to whether appellant knew or should have known that his application for credit in his own name had been denied at the time of his purchase of the truck in the name of his father and the Company on November 25, 1977. See, also, *Citizen Ins. Co.* v. *Burkes* (1978), 56 Ohio App. 2d 88, at 95 [10 O.O.3d 119]; and *Ransburg Electro-Coating Corp.* v. *Lansdale Finishers, Inc.* (C.A. 3, 1973), 484 F. 2d 1037.

Consequently, we hold that the trial court did not err in granting appellee's motion for dismissal or in the alternative for partial summary judgment, with reference to appellant's claim under the Equal Credit Opportunity Act.

Assignment of Error No. I is hereby overruled.

We affirm.

*Judgment affirmed.*

PARRINO and MARKUS, JJ., concur.