Mark E. **JONES** and Anita Jones, Plaintiffs,

v.

**CITIBANK, FEDERAL SAVINGS BANK,** Defendant.

No. 93 C 2951.

United States District Court, N.D. Illinois, E.D.

Feb. 18, 1994.

Lawrence E. Kennon, Jones, Ware & Grenard, Chicago, IL, for plaintiffs.

Martin Stuart Korey, David Benjamin Pogrund, Lawrence J. Stark, Stone, Pogrund, Korey & Spagat, Chicago, IL, for defendant.

## MEMORANDUM OPINION & ORDER

ALESIA, District Judge.

The plaintiffs, Mark & Anita Jones ("the Joneses") filed suit in this court alleging that

Citibank, Federal Savings Bank ("Citibank"), violated the Equal Credit Opportunity Act, 15 U.S.C. § 1691 (1988), the Fair Housing Act, 42 U.S.C. §§ 3601–3631 (1992), sections 1981 and 1982 of Title 42, 42 U.S.C. § 1981 (1991), 42 U.S.C. § 1982 (1988), and Federal Reserve Regulation 202.9, 12 C.F.R. § 202.9 (1993). Citibank moves this court for summary judgment, arguing that all of these claims are barred by the respective statutes of limitations. For the reasons set forth below, this court grants Citibank's motion with respect to Federal Reserve Regulation 202.9, and denies its motion with respect to the remaining claims.

## I. STATEMENT OF FACTS

On or about March 20, 1991, the Joneses submitted a mortgage application to Citibank.[1] The Joneses sought to refinance their condominium. (Plaintiffs' Complaint at ¶ 8) ("Pl.Compl."). On April 22, 1991, Citibank denied their application, contending that the Joneses had an unsuitable credit record with the Maryland National Bank of America. *Id.* at ¶ 15. The Joneses maintain that Citibank denied the application because the Joneses are African–American. *Id.* at ¶ 21. Thus, because the Joneses allege that Citibank discriminated on the basis of race with respect to a loan for real estate, they charge Citibank with violations of the Equal Credit Opportunity Act ("ECOA"), Fair Housing Act ("FHA"), and sections 1981 and 1982 of Title 42 ("sections 1981 and 1982").

The Joneses further allege that they never received written notification of the rejection from Citibank, in violation of Federal Reserve Regulation 202.9 ("Regulation 202.9"). (Pl.Compl. at ¶¶ 27–28). Citibank claims that the Joneses received a rejection letter from it shortly after May 9, 1991. (Defendant's Reply in Support of its Motion for Summary Judgment at 8) ("Def.Reply"). The parties agree that Citibank orally notified the Joneses of the rejection on May 17, 1991.

## II. DISCUSSION

The parties do not seriously dispute that a two-year statute of limitations applies to each claim. By their express terms, the Equal Credit Opportunity Act, Fair Housing Act, and Regulation 202.9 are governed by two-year statutes of limitation. 15 U.S.C. § 1691e(f), 42 U.S.C. § 3613(a)(1)(A), 12 C.F.R. § 202.14(b)(2). As Congress did not provide a statute of limitations for sections 1981 and 1982, 42 U.S.C. §§ 1981 and 1982, a federal court must borrow the most analogous state limitation period. *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660, 107 S.Ct. 2617, 2620, 96 L.Ed.2d 572 (1987). The Supreme Court and the Seventh Circuit Court of Appeals have held that the state limitation period for personal injury suits is an appropriate limitation period for section 1981. *Id.* at 662, 107 S.Ct. at 2621; *Smith v. Chicago Heights*, 951 F.2d 834, 837–38 (7th Cir.1992). In Illinois, this period is two years. 735 ILCS 5/13–202 (1993); *Smith*, 951 F.2d at 837 n. 1. Thus, the Joneses' claim for section 1981 has a two-year limitation period.

The Joneses' cause of action for section 1982 also has a two-year period, although for a different reason. For section 1982, the most appropriate limitation period typically has been held to be the limitation period for personal injury suits. *Scheerer v. Rose State College*, 950 F.2d 661, 664 (10th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 2995, 120 L.Ed.2d 872 (1992); *Mitchell v. Sung*, 816 F.Supp. 597, 601 (N.D.Cal.1993); *see also, Village of Bellwood v. Dwivedi*, 895 F.2d 1521, 1528 (7th Cir.1990) (stating that by combining the Supreme Court's holding in *Wilson v. Garcia*, 471 U.S. 261, 276–80, 105 S.Ct. 1938, 1947–49, 85 L.Ed.2d 254 (1985) with the Seventh Circuit's holding in *Baker v. F & F Investment*, 420 F.2d 1191, 1198 (7th Cir.1970), *cert. denied,* 400 U.S. 821, 91 S.Ct. 40, 27 L.Ed.2d 49 (1970), one should conclude that the appropriate state limitation period for section 1982 is the personal injury

---

1. The precise date on which the Joneses submitted their application is unclear. The Joneses allege only that they submitted the application "no later than April 1, 1991." (Plaintiffs' Amended Complaint at ¶ 27) ("Pl.Compl."). Citibank explains that the Joneses submitted their application on March 20 to one of Citibank's branch banks. (Defendant's Statement of Undisputed Facts at ¶¶ 4–5). Citibank's Mortgage Center received the application on March 22. *Id.* For purposes of this decision, this court need not decide whether the Joneses submitted the application to the Defendant on March 20 or March 22.

limitation period). However, in the Seventh Circuit, a different period may be warranted if the state has enacted a statute of limitation generally regarding personal rights. *Gray v. Lacke,* 885 F.2d 399, 407–08 (7th Cir.1989), *cert. denied,* 494 U.S. 1029, 110 S.Ct. 1476, 108 L.Ed.2d 613 (1990).

In the instant case, Illinois has enacted the Illinois Human Rights Act which expressly prohibits discrimination in the sale of real estate transactions. 775 ILCS 5/3–102.[2] Similarly, section 1982 provides that "[a]ll citizens of the United States shall have the same right ... to purchase, lease, sell, hold and convey real ... property." 42 U.S.C. § 1982. Because both section 1982 and section 5/3–102 explicitly prohibit discrimination in real estate transactions, section 1982 is more analogous to section 5/3–102 than it is to a cause of action for personal injury. *See Gray,* 885 F.2d at 407–08 (holding that Wisconsin's personal rights statute of limitations, rather than its personal injury statute of limitations, applied to a section 1983 cause of action). Thus, the statute of limitations period for section 5/3–102 applies, which is two years. 775 ILCS 5/10–102.[3] Accordingly, section 1981 borrows the Illinois limitation period for personal injury, and section 1982 borrows the Illinois limitation period for section 5/3–102 of the Illinois Human Rights Act—both of which are two years.

**(1) *The Date On Which the Statute of Limitations Began to Run for the Equal Credit Opportunity Act, Fair Housing Act, and Sections 1981 and 1982.***

While not disputing that two-year limitation periods apply to the causes of action in the instant case, the parties do dispute the date on which these two-year periods began to run. Citibank argues that the operative date is April 22, 1991, when it denied the Joneses' loan application. (Defendant's Memorandum in Support of its Motion for Summary Judgment at 3) ("Def.Mem. in Supp."). It reasons that because it allegedly discriminated against the Joneses on the basis of race on April 22 by denying their loan application, April 22 is the date on which it allegedly violated the ECOA, FHA and sections 1981 and 1982. The Joneses argue that the statutes began to run on May 17, 1991, when Citibank notified the Joneses of the denial of their application, reasoning that causes of action do not accrue until a plaintiff discovers the injury. (*See* Plaintiff's Response to Defendant's Motion for Summary Judgment at 4).

The operative date "is not the date on which the wrong that injures the plaintiff occurs, but the date ... on which the plaintiff discovers that he has been injured." *Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 450 (7th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2916, 115 L.Ed.2d 1079 (1991). *See also, Webb v. Indiana Nat'l. Bank,* 931 F.2d 434, 436 (7th Cir.1991) ("The relevance of knowledge and reason to know is that the time for suit does not begin to run until you know or should know that you have been injured."); *Tolle v. Carroll Touch, Inc.,* 977 F.2d 1129, 1139 (7th Cir.1992) ("[U]nder the federal discovery rule, a claim accrues once the party performs the alleged unlawful act and once the party bringing a claim discovers an injury resulting from this unlawful act."). Thus, the statutes in the instant case began to run on the date on which Citibank notified the Joneses of its decision to deny their loan application because it is

---

**2.** This statute provides in part:

It is a civil rights violation for an owner or any other person engaging in a real estate transaction, or for a real estate broker or salesman, because of unlawful discrimination or familial status, to

**(A) Transaction.** Refuse to engage in a real estate transaction with a person or to discriminate in making available such a transaction;

**(B) Terms.** Alter the terms, conditions or privileges of a real estate transaction or in the furnishing of facilities or services in connection therewith....

**3.** It should be noted that the Illinois Human Rights Act statute of limitations does not apply to § 1981 claims because the limitation period in the Illinois Human Rights Act most analogous to § 1981 claims contains an administrative procedure requirement. *See* 775 ILCS 5/4–102 and 5/7A–101. State statutes of limitations which include administrative procedure requirements are not to be adopted as statutes of limitation for federal causes of action. *See Barnett v. Grattan,* 468 U.S. 42, 55, 104 S.Ct. 2924, 2932, 82 L.Ed.2d 36 (1984).

the date on which the Joneses allegedly discovered that they suffered an injury allegedly due to race discrimination. *Id.; see also, Bailey v. Northern Indiana Pub. Service Co.,* 910 F.2d 406, 412 (7th Cir.1990) (holding that a cause of action under section 1981 accrues when the plaintiff receives notice that the defendant has discriminated against him); *Birkett Williams Ford, Inc. v. East Woodworking Co.,* 8 Ohio App.3d 231, 235, 456 N.E.2d 1304, 1309 (1982) (holding that a cause of action arising under the Equal Credit Opportunity Act accrues when the plaintiff receives notice that the defendant has denied his loan application). The Joneses allege that they received this notice on May 17, 1991. If true, their causes of action expired on May 17, 1993 and, because they filed suit on May 14, 1993, their action is not barred by the two-year limitation periods.

Citibank nonetheless argues that the First Circuit Court of Appeals' opinion in *Farrell v. Bank of New Hampshire–Portsmouth* compels a contrary result. *Farrell v. Bank of New Hampshire–Portsmouth,* 929 F.2d 871 (1st Cir.1991). Citibank understands *Farrell* as holding that a limitation period begins to run when a lender decides to deny the loan application, regardless of when it notifies the applicant of its decision. (Def.Mem. in Supp. at 4). This court does not share Citibank's understanding of *Farrell.*

In *Farrell,* the defendant bank notified loan applicants on May 3, 1988, that it would not approve the loan unless the applicants' wives personally guaranteed the loan. *Farrell,* 929 F.2d at 872. On June 3, 1988, the bank approached the wives with the personal guarantees, and the wives signed them. *Id.* On June 1, 1990, the plaintiff wives sued the bank for spousal discrimination, averring that the limitation period began to run on the date that the bank requested their signatures. The plaintiffs never asserted that they lacked knowledge of this requirement prior to June 3. *Id.* Rather, they alleged only that the *bank* did not notify them of this requirement until June 3. *Id.*

The court in *Farrell* held that the plaintiffs failed to present a genuine issue as to whether they lacked actual notice of the bank's requirement before June 3. It stated that "the simple disavowal by a spouse of receipt of communications from the *bank* concerning a significant financial transaction involving both the spouse and her husband, with whom she is living, does not reasonably imply that she had *no notice* of the existence of a bank requirement affecting her." *Id.* at 873 (emphases added). Thus, the court found that the plaintiffs had notice prior to June 3.

The plaintiffs then argued that regardless of whether they had actual knowledge from their husbands prior to June 3, the statute of limitations did not begin to run until the bank itself notified them of the requirement. *Id.* at 873. The court declined the plaintiffs' invitation to engraft such a formal notification requirement onto the Equal Credit Opportunity Act, after finding nothing in the Act or its legislative history to suggest that Congress intended for the statute of limitations to begin to run only upon official bank notice. *Id. Farrell,* therefore, does not hold that a limitations period begins to run before the plaintiff knows or should have known of the injury. Rather, it holds only that official notice is not necessary to trigger the statute. Accordingly, *Farrell* does not disturb this court's conclusion. The causes of action in the instant case accrued when the Joneses discovered their injury, which is the date on which Citibank apprised them that it had denied their loan application.

■ Finally, Citibank alleges that even if the statutes of limitations applicable to ECOA, FHA, and sections 1981 and 1982 began to run when the Joneses knew or should have known that Citibank denied their loan, no genuine issue exists as to whether the Joneses received this notice prior to May 14, 1991. If the Joneses received notice before May 14, 1991, they exceeded the two-year limitation periods by filing on May 14, 1993. Thus, if Citibank can prove that the Joneses knew or should have known of the rejection before May 14, 1993, it will prevail on all of the Joneses claims.

■ Citibank has presented a letter dated May 7, 1991, which notifies the Joneses of the rejection. An affidavit of the letter's author attests that in the ordinary course of

his duties, he would have deposited the letter with Citibank's mailroom on or before May 9, 1991, where it would have been mailed. (Affidavit of David Kosloskus; Defendant's Motion for Summary Judgment at 2). A court will presume that a letter deposited with the United States Postal Service for mailing is delivered to the addressee. *In re Longardner & Assocs., Inc.*, 855 F.2d 455, 459–60 (7th Cir.1988), *cert. denied*, 489 U.S. 1015, 109 S.Ct. 1130, 103 L.Ed.2d 191 (1989); *In re Dodd*, 82 B.R. 924, 928 (N.D.Ill.1987). Thus, Citibank avers that no genuine issue of material fact exists as to whether the Joneses had notice prior to May 14, 1991.

In response, co-plaintiff Mark Jones has submitted an affidavit stating that he never received the letter. (Affidavit of Mark E. Jones). He also expressly attested that he did not receive any notification until May 17, 1991. *Id.* When a plaintiff unequivocally denies receipt of the letter, there is a genuine issue of a material fact. *In re Longardner & Assocs.*, 855 F.2d at 459. Thus, Citibank's motion for summary judgment with respect to co-plaintiff Mark Jones is denied.

 The Joneses, however, neglected to submit an affidavit from co-plaintiff Anita Jones. Anita has never attested that *she* did not receive Citibank's letter. Thus, as it stands, the record demonstrates that Citibank mailed the rejection letter to Anita's home. With the aid of the aforementioned legal presumption, this court presumes that Anita received the letter. Anita has not controverted these findings. Yet, as a non-movant plaintiff, Anita had the burden of demonstrating that the record contains the existence of a genuine issue. *LaScola v. U.S. Sprint Communications*, 946 F.2d 559, 563 (7th Cir.1991). By failing to either attack the legitimacy of Citibank's evidence or to controvert it with her own evidence, Anita has utterly failed to demonstrate the existence of a genuine issue as to whether she received the letter. No evidence exists from which a reasonable jury could conclude that she did not receive the letter, as *Anita herself* has failed to allege lack of receipt.[4] *See Greater Rockford Energy & Technology Corp. v. Shell Oil Co.*, 998 F.2d 391, 394 (7th Cir.1993) ("To forestall a motion for summary judgment, a non-movant plaintiff must present sufficient evidence to show the existence of each element of its case"). Accordingly, we acknowledge that Anita should be dismissed from the complaint.

However, it is within this court's discretion to allow Anita's counsel an opportunity to cure this defect. *See, e.g., Houk v. Village of Oak Lawn*, 647 F.Supp. 710, 712, 714 n. 14 (N.D.Ill.1986) (noting that the plaintiff's failure to submit proper affidavits is grounds for dismissal, but allowing the plaintiff's counsel additional time to cure the defect). Within ten business days of the date of this opinion, Anita must submit an affidavit attesting that she did not receive Citibank's letter and that she did not have any notice that Citibank had denied her loan application on or before May 14, 1991. If Anita fails to submit this affidavit, she will be dismissed from this action with prejudice. For all the foregoing reasons, defendant's motion for summary judgment as to Counts I, III and IV is denied.

### (2) *The Date on Which the Statute of Limitations Began to Run for Federal Reserve Regulation 202.9.*

 The Joneses further allege, however, that they are entitled to relief pursuant to Regulation 202.9, which provides that a lender must notify an applicant in writing of its decision to deny a loan application within 30 days of its receipt of the completed application. 12 C.F.R. § 202.9. Unlike the aforementioned causes of action, this cause of

---

4. In his affidavit, Mark attests that "[a]ll communication between Citibank and the Jones' was through myself." (Affidavit of Mark E. Jones). It should be noted that this averment does not displace the need for Anita to testify that she did not receive actual notice. To be effective, an affidavit must be based upon personal knowledge. FED.R.CIV P. 56(c) (1993); *Friedel v. Madison*, 832 F.2d 965, 970 (7th Cir.1987). Mark does not attempt to explain how he has *personal* knowledge of the knowledge that another individual has. *See, e.g., Rowe v. Sullivan*, 967 F.2d 186, 191 (5th Cir.1992) (holding that no genuine issue existed as to whether the plaintiff's claim was barred by the statute of limitations because the plaintiff did not have personal knowledge of the date on which his wife received the disputed letter and consequently, his failure to submit an affidavit from his wife attesting to this date was fatal).

action accrued when Citibank failed to furnish the Joneses with such notification.

The Joneses submitted the loan application on or about March 20, 1991 and at the absolute latest by April 1, 1991. Citibank alleges it notified the Joneses in writing on or about May 9. The Joneses allege that Citibank never notified them in writing. Yet, even if Citibank is believed, it nonetheless violated the Regulation by failing to tender a written copy of its decision to the Joneses within 30 days. Thus, Citibank violated this Regulation on or about April 20, 1991 and, at the latest, May 1, 1991. By filing suit on May 14, 1993, however, the Joneses allowed the two-year statute of limitations to run.

It bears mentioning that unlike the causes of action discussed above, the cause of action arising under Regulation 202.9 does not present any problems with notice. Failure to properly notify *is* the violation. Because the Joneses admit that Citibank did not contact them until May 17, they necessarily admit that they knew Citibank did not contact them on April 20. (Affidavit of Mark E. Jones). Moreover, the affidavit of Mark Jones expressly states that he initiated the May 17 contact with Citibank because he had not heard from Citibank since submitting the application. *Id.* Thus, the Joneses had notice of the omission that gave rise to this cause of action when the omission occurred, and hence, the statute of limitations began to run when Citibank committed this omission. Because the Joneses filed this action more than two years after the date on which Citibank committed this omission, this court grants Citibank's motion for summary judgment. Count II of the plaintiffs' amended complaint is hereby dismissed.[5]

### CONCLUSION

For the aforementioned reasons, this court grants Citibank's motion for summary judgment on Count II of the plaintiff's First

Amended Complaint and denies it as to all remaining counts.

---

5. The Joneses have numbered the counts of their complaint incorrectly. They do not have a first count, but they have two count IIs, both of which are subtitled "Equal Credit Opportunity." This court strikes the second count II, which begins with paragraph 24 on page 5 of the plaintiffs' First Amended Complaint.