**Larry D. McLAUGHLIN, Plaintiff,**

v.

**COOK COUNTY DEP'T OF CORRECTIONS, Defendant.**

No. 97 C 7872.

United States District Court, N.D. Illinois, Eastern Division.

Feb. 5, 1998.

Larry DuBois McLaughlin, Chicago, IL, pro se.

Anne L. Asulin, Cook County State's Attorney, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendant Cook County Department of Corrections' motion to dismiss plaintiff Larry McLaughlin's complaint pursuant to Federal Rule of Civil Procedure

12(b)(6). For the following reasons, the court grants defendant's motion to dismiss.

## I. *BACKGROUND*

The complaint alleges the following facts which, for the purpose of deciding this motion, are taken as true *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). From 1988 until June 2, 1992, plaintiff Larry McLaughlin ("McLaughlin") worked for defendant Cook County Department of Corrections ("the DOC") as a corrections officer. On June 2, 1992, the Cook County Department of Corrections terminated McLaughlin. On September 24, 1993, the Merit Board ruled that McLaughlin was officially terminated from the DOC effective June 16, 1992.

On July 31, 1997, McLaughlin filed a charge of discrimination with the Equal Employment Opportunity Commission ("the EEOC"). The EEOC sent McLaughlin a right-to-sue letter on August 15, 1997. On November 12, 1997, McLaughlin filed a *pro se* complaint in this court, alleging that the DOC terminated him on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and 42 U.S.C. § 1983. This court has subject matter jurisdiction over the case pursuant to 28 U.S.C. §§ 1331, 1343, 1988 and 42 U.S.C. § 2000e–5(f)(3).

On December 1, 1997, the DOC filed this motion to dismiss McLaughlin's complaint. The DOC argues that McLaughlin's complaint should be dismissed because (1) McLaughlin's claims are time barred; (2) the DOC is not a suable entity; and (3) the DOC does not have the authority to terminate its employees.

On December 9, 1997, the court set a briefing schedule, ordering McLaughlin to file his response brief by December 23, 1997, and advising him that the court would rule on the motion without benefit of his views if he did not respond to the DOC's motion to dismiss. As of January 30, 1998, McLaughlin had not filed the required response brief Therefore, the court ruled on the DOC's motion to dismiss without benefit of McLaughlin's input. In so doing, the court was careful to give McLaughlin's complaint fair and meaningful consideration. *Donald v. Cook County Sheriff's Dep't,* 95 F.3d 548, 555–59 (7th Cir.1996).

## II. *DISCUSSION*

### A. *Standard for deciding Rule 12(b)(6) motion to dismiss*

■ When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Cromley v. Board of Educ. of Lockport,* 699 F.Supp. 1283, 1285 (N.D.Ill. 1988). If, when viewed in the light most favorable to the plaintiff the complaint fails to state a claim upon which relief can be granted, the court must dismiss the case. *See* FED.R.CIV.P. 12(b)(6); *Gomez v. Illinois State Bd. of Educ.,* 811 F.2d 1030, 1039 (7th Cir.1987). However, the court may dismiss the complaint only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

■ Even under the liberal notice pleading standard of the Federal Rules of Civil Procedure, however, a complaint must include either direct or inferential allegations respecting all material elements of the claims asserted. *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir.1991). Bare legal conclusions attached to narrated facts will not suffice. *Strauss v. City of Chicago,* 760 F.2d 765, 768 (7th Cir.1985). Finally, when reviewing a *pro se* complaint, the court must employ standards less stringent than if the complaint had been drafted by counsel. *Donald,* 95 F.3d at 555.

### B. *McLaughlin's claims are time barred*

The DOC argues that all of McLaughlin's claims are time barred. First, the DOC argues that McLaughlin's section 1981 and section 1983 claims are barred by the applicable two-year statute of limitations. Second, the DOC argues that McLaughlin's Title VII claim is barred because McLaughlin did not file his EEOC charge within 300 days

after the alleged discriminatory action. The court will address each of these arguments in turn.

### 1. McLaughlin's section 1981 and section 1983 claims

■ The DOC contends that McLaughlin's section 1981 and section 1983 claims are time barred. In Illinois, section 1981 and section 1983 actions are governed by a two-year statute of limitations. *Palmer v. Board of Educ. of Community Sch. Dist. 201–U*, 46 F.3d 682, 684 (7th Cir.1995); *Jones v. Citibank, F.S.B.*, 844 F.Supp. 437, 439 (N.D.Ill. 1994).

■ McLaughlin filed his suit on November 12, 1997. The last act of discrimination of which McLaughlin complains is the Merit Board's ruling, which was announced on September 24, 1993. There are no allegations in the complaint from which the court can infer that the principles of equitable tolling or estoppel or the discovery doctrine apply. Accordingly, the court finds that McLaughlin's section 1981 and section 1983 claims are barred by the applicable two-year statute of limitations.

### 2. McLaughlin's Title VII claim

The DOC argues that McLaughlin's Title VII claim is also time barred because it is based on acts that occurred more than 300 days before the date on which McLaughlin filed his EEOC charge, July 31, 1997. The DOC is correct that a plaintiff in Illinois must file an EEOC charge within 300 days of the occurrence of the act that is the basis for the charge and that failure to do so renders the charge untimely. *Koelsch v. Beltone Elec. Corp.*, 46 F.3d 705, 707 (7th Cir.1995); *Moore v. Allstate Ins. Co.*, 928 F.Supp. 744, 750 (N.D.Ill.1996).

■ In this case, the last act of discrimination of which McLaughlin complains is the Merit Board's decision that was announced on September 24, 1993. There are no allegations in the complaint from which the court can infer that the principles of equitable tolling or estoppel or the discovery doctrine apply. *See Galloway v. General Motors Serv. Parts Operations*, 78 F.3d 1164, 1166

(7th Cir .1996). Thus, the court finds that McLaughlin's Title VII claim is time barred as the claim is based on acts that occurred more than 300 days before the date on which McLaughlin filed his EEOC charge.

■ In sum, the court finds that all of McLaughlin's claims are time barred. Therefore, the court dismisses McLaughlin's complaint. However, dismissal will be without prejudice in case McLaughlin can amend his complaint to include allegations which would allow the court to infer that the discovery doctrine or the principles of equitable tolling or estoppel apply in this case.

### C. *The DOC is not a suable entity*

■ The DOC also argues that McLaughlin's complaint should be dismissed because the DOC is not a suable entity. The DOC is correct that it is not a suable entity. *Castillo v. Cook County Mail Room Dep't*, 990 F.2d 304, 307 (7th Cir.1993); *Mayes v. Elrod*, 470 F.Supp. 1188, 1192 (N.D.Ill.1979). McLaughlin, however, is allowed to sue the County of Cook. 55 ILCS § 5/5–1001; *Castillo*, 990 F.2d at 307. Therefore, if McLaughlin files an amended complaint, McLaughlin must be certain to name the County of Cook, and not the Department of Corrections, as defendant.

The court need not address the DOC's final argument that the DOC does not have the power to terminate its employees. It is irrelevant whether the DOC has the authority to fire its employees because the DOC, a non-suable entity, cannot be sued even if it did wrongfully terminate an employee.

### III. *CONCLUSION*

For the foregoing reasons, the court grants defendant Cook County Department of Corrections' motion to dismiss plaintiff Larry McLaughlin's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Accordingly, the court dismisses McLaughlin's complaint without prejudice. McLaughlin is given leave until February 25, 1998 to file an amended complaint consistent with this order. If McLaughlin fails to file an amended complaint on or before February 25, 1998, the court will dismiss his case with

prejudice and enter final judgment in favor of defendant.