WISE, APPELLANT, *v.* GURSKY ET AL., APPELLEES.

(No. 80-1252—Decided May 27, 1981.)

Mr. *Donald C. Steiner,* for appellant.

Messrs. *Day, Ketterer, Raley, Wright & Rybolt, Mr. Clyde H. Wright* and *Mr. Michael S. Gruber,* for appellee Gursky.

COOK, J. In his first proposition of law, appellant asserts that "[a]n appellate court has no jurisdiction to entertain an appeal from a judgment which is not final under the provisions of 54(B), any judgment entered in such an appeal is void, and a second appeal filed after compliance with said rule should be heard on its merits."

We find this proposition of law to be without merit.

Civ. R. 54 provides, in part, as follows:

"(B) When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

Appellant contends that the judgment entry as to plaintiff's complaint was not final and appealable because this

judgment did not address and dispose of the third-party complaint or determine the rights and liabilities of the parties to the third-party complaint and, having failed to do so, did not expressly determine that "there is no just reason for delay." Therefore, appellant argues that the appeal of the first judgment entry was a nullity, and that the first judgment became final and appealable only after the trial court subsequently dismissed the third-party complaint.

R. C. 2505.02 defines a final order, as including "[a]n order affecting a substantial right in an action which in effect determines the action and prevents a judgment***," and provides that such a final order "***may be reviewed, affirmed, modified, or reversed, with or without retrial."

In the cause *sub judice,* the judgment on the jury verdict not only determined plaintiff's action against the defendant, but it also determined all the claims and issues in defendant's third-party action as well. The claims set forth in the third-party complaint and the determination of the rights and liabilities of the parties to the third-party action were rendered moot by the judgment in favor of defendant as to plaintiff's complaint.

Such an order meets the requirement of R. C. 2505.02 that an order is a final appealable order if the effect of the order "determines the action and prevents a judgment."

This court has held that the effect of Civ. R. 54(B) is procedural, and that this rule "does not affect either the substantive right to appeal or the merits of the claims." *Alexander* v. *Buckeye Pipe Line Co.* (1977), 49 Ohio St. 2d 158, 159.

We hold that a judgment in an action which determines a claim in that action and has the effect of rendering moot all other claims in the action as to all other parties to the action is a final appealable order pursuant to R. C. 2505.02, and Civ. R. 54(B) is not applicable to such a judgment.

Such a judgment is *res judicata* as to any second appeal of that judgment.

In his second proposition of law, appellant asserts that "[a] litigant is denied due process of law and equal protection of the laws when the courts decline to enforce a plain rule of procedure in his case which they enforce in like cases."

In support of his second proposition of law, appellant

merely requests this court to take "judicial notice of the application of Civil Rule 54(B) being made by our courts of appeal." He argues that the Court of Appeals in the instant cause denied him equal protection of the laws by not applying Civ. R. 54(B) in the same way other courts of appeals have applied the rule.

This proposition is without merit. Appellant was afforded a full hearing on the merits of his appeal, so it cannot be said that he was denied due process of law. Also, it cannot be said that it is a denial of equal protection not to apply Civ. R. 54(B) in a manner to allow two appeals on the merits of a case. For these reasons and those stated above, as to appellant's first proposition of law, we hold there has been no denial of equal protection of the laws as asserted by appellant.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting for W. BROWN, J.

REILLY, J., of the Tenth Appellate District, sitting for C. Brown, J., recused himself.