**STATE ex rel. KOSMAN et al., Appellants,**

v.

**City of STRONGSVILLE et al., Appellees.**

[Cite as *State ex rel. Kosman v. Strongsville* (1992), 79 Ohio App.3d 804.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 60538.

Decided April 20, 1992.

*Joseph W. Diemert, Jr.,* for appellees.

*Ryan & Gygli* and *John D. Ryan,* for appellants.

DYKE, Judge.

Appellants, Robert Kosman and Norton Construction Company, brought suit against appellees, the city of Strongsville, its mayor, Walter F. Ehrnfelt, and its council, Thomas Brubeck, Adam Siedel, Edward Stryker, Clark Weaver, Mark Roth, Charlene Barth and Patrick Coyne. Appellants requested a declaratory judgment (stating that a contract to lease the city's transfer station was entered into illegally), a writ of prohibition (to prohibit the execution of the contract with Waste Management, Inc.), a writ of mandamus

(to require a rebid), compensatory and punitive damages, reasonable attorney fees, costs and injunctive relief (temporary, preliminary and permanent). Upon motion a hearing was had on the preliminary and permanent injunctions and the injunctive relief was then denied.

■ This court may not address the substantive legal issue raised on appeal. This court does not have subject-matter jurisdiction over this matter because the journal entry appealed from is not a final appealable order.[1] R.C. 2505.02 defines a "final order" as one of the following:

*"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment,* an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial \* \* \*."* (Emphasis added.)

This is clearly not a case involving a special proceeding or an order either vacating a judgment or ordering a new trial.

■ A "substantial right" is a legal right enforced and protected by law. *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 94, 540 N.E.2d 1381, 1383.

Appellees argue that the judgment denying the injunctive relief is not a final appealable order because the other claims remain outstanding and the journal entry did not say that "there is no just reason for delay." Appellants contend that the other claims were resolved by the disposition of the claims for injunctive relief. Appellants cite *Wise v. Gursky* (1981), 66 Ohio St.2d 241, 20 O.O.3d 233, 421 N.E.2d 150, which held in the syllabus as follows:

"A judgment for the defendant in a civil action, which judgment renders the defendant's third-party complaint for indemnification or contribution moot, is a final appealable order pursuant to R.C. 2505.02, and Civ.R. 54(B) is not applicable to such a judgment."

In *Wise* a jury verdict on the complaint determined all the claims and issues in the third-party action. *Id.* at 243, 20 O.O.3d at 235, 421 N.E.2d at 152.

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim \* \* \* the court may enter final judgment as to one or more but fewer than all of the claims \* \* \* only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however

---

1. The question of whether an order is final and appealable is jurisdictional and can be raised *sua sponte. Noble v. Colwell* (1989), 44 Ohio St.3d 92, 94, 540 N.E.2d 1381, 1383, at fn. 1, citing *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 87–88, 541 N.E.2d 64, 67.

designated, which adjudicates fewer than all the claims * * * shall not terminate the action as to any of the claims * * *." Civ.R. 54(B).

■ "Claim for relief," as used in Civ.R. 54(B), means "cause of action." *Noble,* 44 Ohio St.3d at 95, 540 N.E.2d at 1384.

In addition to the injunctive relief, appellants asked for (1) a declaratory judgment stating that the acts of appellees in contracting with Waste Management were illegal, (2) a writ of prohibition to keep the city from executing the contract, and (3) a writ of mandamus to require that the contract be rebid. The complaint also asked for damages, attorney fees, costs and any other relief that the court might find appropriate. In denying injunctive relief the trial court refused to find, as requested, that the city should be enjoined from awarding, executing or commencing with the contract. Appellants reason that the denial of the injunction was dispositive of the very issues that were raised in the other claims: the request that the execution be prevented (*i.e.,* writ of prohibition), the request for a rebid (moot if the city was not to be enjoined from proceeding), and the request for a declaration that the acts of the appellee were illegal. In arguing in favor of the injunction by contending that the appellees abused their discretion appellants insisted that the appellees had failed to follow the law in the bidding and contracting process. Appellants allege that this was the same issue in the declaratory judgment and writ claims because there could be no clear legal duty to rebid (a necessary element for mandamus) when the awarding of the contract was not void, and the denial of the injunction determined the legality of appellees' acts.

■ There are three claims remaining. However, the denial of the injunctive relief did not resolve the issues of the other claims. To obtain the injunctive relief requested appellants had to show that appellees abused their discretion in awarding the contract, *Cedar Bay Constr., Inc. v. Fremont* (1990), 50 Ohio St.3d 19, 552 N.E.2d 202, and that appellants were injured. The decision to award the contract was within the discretion of the council and the exercise of that discretion will not be disturbed unless it clearly appears that the council abused its discretion. *Id.* at 21, 552 N.E.2d at 204. An abuse of discretion connotes more than an error of law or judgment; it implies an unreasonable, arbitrary, or unconscionable attitude. *Id.* at 22, 552 N.E.2d at 205.

"The elements of a proper cause of action to obtain a writ of prohibition are that (1) the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power; (2) the exercise of that power is unauthorized by law; and (3) refusal of the writ would result in injury for which no other adequate legal remedy exists." *State ex rel. Coyne v. Todia* (1989), 45 Ohio St.3d 232, 236, 543 N.E.2d 1271, 1275.

Appellees argue in their motion for judgment on the pleadings that the trial court did not have jurisdiction to address the request for a writ of prohibition because Sections 2 and 3, Article IV, Ohio Constitution restrict jurisdiction of prohibition actions to the appellate courts. There was no ruling on that motion and thus no judgment appellees can challenge for lack of jurisdiction.

The issue is whether denying the injunction necessarily disposed of the remaining claims. In other words, did the denial resolve the very questions at issue in the other claims. The journal entry denying the injunction did not give a reason and could have been for failure to show an abuse of discretion or failure to show the required harm or both. Further, an abuse of discretion is not the same as an error of law, *Cedar Bay*, and, thus, one of the central questions for a writ of prohibition was never reached: whether the execution of the contract is unauthorized by law. The other two questions, whether a court or officer is about to exercise judicial or quasi-judicial power and whether refusal of the writ would result in injury (specifically that injury for which no other adequate legal remedy exists), were also not reached.

█ The second outstanding claim is a request for a writ of mandamus. To obtain a writ of mandamus appellants would have to show a clear legal duty on the part of council to rebid the contract, a right on the part of appellants to the rebid, and the absence of a plain and adequate legal remedy. *State ex rel. Hughes v. Indus. Comm.* (1982), 1 Ohio St.3d 57, 1 OBR 99, 437 N.E.2d 1176. The question is whether the trial court disposed of the request for a writ of mandamus by denying the injunction. An error of law or judgment could be demonstrated that would void the contract and require a rebid.

The last remaining claim is the request for a declaratory judgment (and damages) which asked that the contract be declared illegal. Again, a determination of whether an injunction should be granted would not encompass a finding of the legality of the contract since the issue in injunctions is an abuse of discretion and, in this case, no findings were made in the journal entries.

█ In summary, the trial court's denial of the injunction did not mean that she found no abuse of discretion, since she may have found an abuse of discretion but concluded that appellants failed to show the required harm. There was no determination of the legality of the acts, the duty and right to a rebid or the alleged unauthorized exercise of power.

*Westlake v. Mascot Petroleum Co.* (Apr. 27, 1990), Cuyahoga App. No. 57508, unreported, 1990 WL 48960, affirmed (1991), 61 Ohio St.3d 161, 573 N.E.2d 1068, is cited by appellants, but in that case this court concluded that by ruling on the request for an injunction the trial court implicitly ruled on the declaratory judgment. *Id.* at 4–5, fn. 1. In *Westlake*, Mascot was enjoined

from selling beer and wine at its minimart and its counterclaim for declaratory relief made three requests, one of which was not explicitly ruled on by the trial court. That request asked the trial court to rule on the applicability of the city ordinance prohibiting the sale of beer and wine by service stations. This court concluded that the order granting an injunction meant that the court found that the minimart in question was a service station as defined in the zoning ordinance and thus implicitly held that the ordinance was applicable. There is no such overlap of issues in the instant case.

"Rule 54(B)'s general purpose is to accommodate the strong policy against piecemeal litigation with the possible injustice of delayed appeals in special situations. * * * An order which adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 *and* Civ.R. 54(B) in order to be final and appealable. Rule 54(B) makes mandatory the use of the language, 'there is no just reason for delay.' Unless those words appear where multiple claims and/or multiple parties exist, the order is subject to modification and it cannot be either final or appealable." (Emphasis added and citation omitted.) *Noble,* 44 Ohio St.3d at 96, 540 N.E.2d at 1385.

Accordingly, as there are claims outstanding, we dismiss the appeal for lack of a final appealable order and remand the cause to the trial court.

*Appeal dismissed*
*and cause remanded.*

JAMES D. SWEENEY and PARRINO, JJ., concur.

THOMAS J. PARRINO, J., retired, of the Eighth Appellate District, sitting by assignment.