{¶ 1} For the reasons that follow, I respectfully dissent from the first assignment of error wherein the majority concludes that the third-party complaint was rendered moot.
{¶ 2} Wise v. Gursky (1981), 66 Ohio St.2d 241, syllabus, stands for the proposition that a judgment in favor of a defendant in a civil action rendered the defendant's third-party complaint for indemnification moot. I take issue with the majority's application of this holding to the instant case.
{¶ 3} In 1996, Robert and Lisa Teter ("the Teters") purchased certain residential property from appellants, David and Debra Rossi. Subsequently, in January 1997, the Teters filed a complaint against appellants alleging misrepresentation and/or concealment of latent defects concerning water problems in the basement. During the course of this litigation, appellants filed a third-party complaint against appellees, Veron T. Worona and Worona Home Inspections, Inc., alleging several causes of action, including negligence in conducting the home inspection and preparing the home inspection report, breach of contract, unjust enrichment, indemnification, and contribution. After a bench trial on the Teters' claim, the trial court made the following determination:
 {¶ 4} "In this case the evidence presented is clearly insufficient to support a finding of any of the elements necessary to establish misrepresentation or concealment by [appellants.] Having no knowledge of any past water problem in the basement to the extent complained of by [the Teters], [appellants] could not have made a misrepresentation to the inspector [appellees]. On the contrary, [the Teters] having knowledge of the results of the home inspection were clearly put on notice of a potential water problem in the basement."
{¶ 5} Thus, in July 2001, the trial court rendered a judgment in favor of appellants as to the Teter complaint. From this, the majority concludes in the first assignment of error that "[o]nce the judgment entry was entered in favor of [appellants] in the original action, the third-party complaint becomes moot." I disagree.
{¶ 6} It is undisputed that appellants' third-party complaint against appellees included a claim for indemnification and contribution. As such, the favorable judgment received by appellants as to the Teter complaint only mooted appellants' claims for indemnification and contribution. Pursuant to Wise, supra, the resolution of the Teter complaint in appellants' favor precluded further litigation on those issues against appellees as third-party defendants. However, the resolution of the Teter complaint did not necessarily render appellants' remaining claims in the third-party complaint moot. This is because appellants' claims for breach of contract, negligence and unjust enrichment were not identical to the issue presented in the Teter complaint, to wit: whether misrepresentations were made to the home inspector by appellants.
{¶ 7} A review of the home inspection report shows that while appellees made reference to water penetration in the basement as beingunsatisfactory, it noted that the foundation and basement appeared to be in satisfactory condition with the following comment:
 {¶ 8} "There was water seen at the S.E. [southeast] basement corner. May be attributed to the spouting at the exterior and possibly grading at the brick patio. If water enters other basement areas, make sure grading, gutters down spouts are working as intended."
{¶ 9} According to the trial court's July 2001 judgment entry, the results of the home inspection report were sufficient to put the Teters on notice of a potential water problem in the basement. Such a determination, however, does not preclude a decision that appellees were negligent in preparing the report when their reference to the water problems in the basement was contradicted by the subsequent conclusion in the report that the basement was in satisfactory condition. In fact, the majority opinion concedes to this point when it stated that "although [appellants'] affidavits in support of summary judgment stated that the inspection report was sufficient to put [the Teters] on notice of a problem, that did not preclude appellants from asserting in their complaint against [appellee] Worona that the inspection report was negligent."
{¶ 10} For these reasons, I would hold that only appellants' third-party claims for indemnification and contribution are rendered moot in light of the favorable judgment received by appellants in the Teter proceeding, while the remaining claims survived.
{¶ 11} Additionally, I respectfully concur in judgment and opinion as to the fourth assignment of error with the following additional thought regarding the request for attorney fees pursuant to R.C. 2323.51.
{¶ 12} R.C. 2323.51(B)(1) vests the trial court with the discretion to award reasonable attorney fees "to any party to the civil action or appeal who was adversely affected by frivolous conduct." See, also, Stake v. Internatl. Bhd. of Teamsters, Local No. 413, (Aug. 22, 2002), 10th Dist. No. 01AP-1221, 2002 Ohio App. LEXIS 4483, at 12. "Frivolous conduct" as defined by R.C. 2323.51(A)(2)(a), includes the conduct of a party to a civil action or of his counsel of record that satisfies either of the following:
 {¶ 13} "(i) it obviously serves merely to harass or maliciously injure another party to the civil action or appeal;
 {¶ 14} "(ii) is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law."
{¶ 15} Recently, the Tenth Appellate District had the opportunity to comment on the standard of review in addressing an award of attorney fees under R.C. 2323.51:
 {¶ 16} "As we found in Wiltberger v. Davis
(1996), 110 Ohio App.3d 46, no single standard of review applies in R.C. 2323.51 cases, and the inquiry necessarily must be one of mixed questions of law and fact. A determination that conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law requires a legal analysis. Lable Co. v. Flowers (1995), 104 Ohio App.3d 227, 233. With respect to purely legal issues, we follow a de novo standard of review and need not defer to the judgment of the trial court. Wiltberger, supra, at 51-52. Where a trial court has found the existence of frivolous conduct, the decision to assess or not to assess a penalty lies within the sound discretion of the trial court. Id. at 52." (Emphasis added.) Sain v. Roo (Oct. 23, 2001), 10th Dist. No. 01AP-360, 2001 WL 1263665, at 3. See, also, Stake at 11-12; Riston v. Butler, 1st Dist. No. C-010572, 2002-Ohio-2308, at ¶ 23-27.
{¶ 17} In the Teter lawsuit, appellants attached an affidavit to their motion for summary judgment, contending that "[t]he [I]nspection [r]eport * * * indicated a possible water problem in the basement[,]" thereby putting the Teters on notice of a potential problem with the residential property. Subsequently, appellants filed a third-party complaint against appellees alleging several causes of action, including negligence in conducting the inspection and preparing the home inspection report, breach of contract, and unjust enrichment.
{¶ 18} From this, both the magistrate and the trial court found the existence of frivolous conduct on the part of appellants, reasoning that they had pursued legally groundless claims:
 {¶ 19} "Bringing this [third-party complaint] against [appellees] upon which the factual basis for the liability of [appellees] was dependent upon the absence of the very same facts previously sworn to by [appellants] in their affidavit in support of summary judgment, constitutes frivolous conduct as defined in Section 2323.52(A)(2), in that the cause of action given the facts alleged and sworn to by [appellants] in their affidavit could not be warranted under existing law and [could not] be supported by a good faith argument for an extension[,] modification or reversal of said existing law."
{¶ 20} However, the evidence presented at the July 16, 2001 evidentiary hearing on appellees' motion for attorney fees does not support the magistrate's and/or the trial court's determination. At the hearing, appellees' counsel asked the magistrate "to take judicial notice of the material [in the record] regarding the court filing." Such a general reference to the extensive court record is insufficient to support a determination of frivolous conduct on the part of appellants.
{¶ 21} Furthermore, at the evidentiary hearing, only Worona testified. According to Worona, he sought legal counsel and incurred expenses as a result of appellants' third-party complaint. However, [a party is not] necessarily or presumptively `adversely affected' basedsolely upon the fundamental necessity to expend attorney fees to defend a lawsuit in general. Where a determination has been made that an entire lawsuit, a certain claim or claims, or a defense or defenses asserted in a civil action were frivolous, the party seeking R.C. 2323.51 attorney fees must affirmatively demonstrate that he or she incurred additional attorney fees as a direct, identifiable result of defending the frivolous conduct in particular." (Emphasis sic.) Wiltberger at 54. Such evidence was not presented in this case.
{¶ 22} In fact, no evidence was presented to demonstrate that appellants' third-party complaint constituted frivolous conduct. For instance, there was no reference to appellants' prior affidavit and how it allegedly conflicted and/or impacted the third-party complaint proceedings. Appellants' allegation in their affidavit that the home inspection report prepared by appellees "indicated a possible water problem in the basement" is not preclusive. Appellants could still assert a negligence claim against appellees in light of the fact that the reference to the water problems in the basement was contradicted by the subsequent conclusion in the home inspection report that the `[f]oundation and [b]asement appear[ed] to be in [s]atisfactory condition."
{¶ 23} Thus, with the foregoing caveat, I agree with the majority opinion's holding in the fourth assignment of error that the trial court erred in granting appellees' motion for attorney fees pursuant to R.C.2323.51. While appellants' third-party claims for indemnification and contribution were mooted, the balance of the claims had a basis under existing law. Obviously, this conclusion only relates to the procedural aspects at issue and does not reflect any opinion on the merits of the surviving claims.
{¶ 24} With that in mind, I concur in part and dissent in part.