OPINION
{¶ 1} Appellant, James A. Kucharski, appeals from the January 29, 2001 judgment entry of the Portage County Common Pleas Court awarding third party defendant-appellee, Joan Weakland ("Joan"), $5,690.25 as a result of appellant's frivolous conduct.
{¶ 2} Appellant and Joan were married in August 1989. In early 1996, appellant was incarcerated. In June 1996, he transferred his interest in property located at 140 Glen Road, Moreland Hills, Ohio ("the Glen Road property") to Joan. On October 10, 1996, appellant transferred his interest in property located at 1347 Middlebury Road, Kent, Ohio ("the Kent property") to his stepson, appellee William R. Weakland ("William").
{¶ 3} In February 1997, Joan began divorce proceedings in the Cuyahoga County Common Pleas Court, Domestic Relations Division. As part of these proceedings, appellant signed a separation agreement acknowledging that he had no claim in either the Glen Road or Kent properties. The property transfers and the execution of the separation agreement occurred while appellant was incarcerated. Appellant was finally released from prison in March 1997.
{¶ 4} Joan's divorce was granted on April 15, 1997. The divorce decree incorporated the terms of the separation agreement. On August 14, 1997, appellant's attorney, Christopher Mallin ("Mallin"), filed a motion for relief from the April 15, 1997 judgment. On July 9, 1998, before the motion for relief from judgment was ruled upon, Mallin filed a complaint in behalf of appellant against William in the Portage County Common Pleas Court seeking recovery of the Kent property.
{¶ 5} The motion for relief from judgment in the divorce proceedings was denied on July 13, 1998. Appellant appealed the trial court's ruling on August 14, 1998. One of the issues that appellant raised in his Cuyahoga County appeal was that, because he was incarcerated at the time, he was under a legal disability when he signed the separation agreement. The Eighth Appellate District affirmed the trial court's decision in Kucharski v. Kucharski (Nov. 4, 1999), 8th Dist. No. 75049, 1999 WL 1000660.
{¶ 6} In the Portage County litigation, William filed a motion for summary judgment and for sanctions on August 24, 1998. The trial court overruled the motion for summary judgment on September 29, 1998, holding that because Joan had an interest in the property, she was an indispensable party. On that same date, the court permitted Joan to voluntarily intervene in the Portage County litigation as a party-defendant.
{¶ 7} William filed a new motion for sanctions on November 6, 1998. On February 10, 1999, the trial court dismissed appellant's complaint for failure to state a claim and permitted William to withdraw his pending motions for sanctions. Joan and William filed a new motion for sanctions on February 22, 1999, alleging that appellant and Mallin engaged in frivolous conduct by filing a complaint in Portage County when the same issues had already been fully litigated in Cuyahoga County.
{¶ 8} Appellant filed a notice of appeal of the trial court's dismissal of his claim on February 17, 1999. In a December 30, 1999 judgment entry, this court addressed the issue of whether the trial court's February 10, 1999 judgment entry was a final appealable order in view of the unresolved motion for sanctions of February 22, 1999. We held that the February 10, 1999 judgment entry was a final appealable order because Joan and William's February 22, 1999 motion for sanctions had been "mooted by the trial court's prior decision of September 29, 1998, denying the primary motion for summary judgment against the [a]ppellant."
{¶ 9} The trial court granted Joan and William's motion for sanctions on January 17, 2001. Appellant has filed a timely appeal of the trial court's judgment entry and makes the following assignments of error:
 {¶ 10} "[1.] The trial court erred in granting [Joan and William's] motion for sanctions for frivolous conduct on January 17, 2001, after having denied [William's] motion for summary judgment on September 29, 1998, and having ordered the litigation to proceed.
 {¶ 11} "[2.] The findings of fact adopted by the trial court are manifestly against the weight of the evidence."
{¶ 12} Under his first assignment of error, appellant essentially argues that the trial court was barred from awarding sanctions against appellant based on this court's judgment entry of December 30, 1999, in which we held that Joan and William's February 22, 1999 motion for sanctions was moot. The doctrine of the law of the case dictates that the decision of an appellate court remains the law of that case on all legal questions in any subsequent proceedings at the trial level. Hubbard exrel. Creed v. Sauline (1996), 74 Ohio St.3d 402, 404. Our December 30, 1999 judgment entry explicitly stated that "[Joan and William's] subsequent argument for sanctions, filed February 22, 1999, has been mooted by the trial court's prior decision of September 29, 1998, denying the primary motion for summary judgment against the [a]ppellant."[1]
The motion before the trial court in the case sub judice was that same February 22, 1999 motion that this court had previously held to be moot.
{¶ 13} The original motion for sanctions was filed in conjunction with William's motion for summary judgment, which William submitted for the trial court's consideration even before he had filed his answer to the complaint. In denying the summary judgment motion in a September 1998 judgment, the trial court did not address the motion for sanctions. As a result, the latter motion technically remained pending until the trial court issued its February 1999 judgment in which it dismissed appellant's complaint in regard to all three defendants. As part of this dismissal judgment, the trial court also dismissed William's motion for sanctions without prejudice. Although there is no explanation in the judgment, it would appear that the trial court added the "without prejudice" language to give William the chance to raise the sanctions issue again.
{¶ 14} Eleven days after the release of the dismissal judgment, William did just that in a new submission before the trial court. Even though this new submission was captioned as a motion "to request a hearing" concerning appellant's frivolous conduct, it is readily apparent from the record that this submission was not a mere supplement to the original motion for sanctions; instead, this submission constituted a new motion for sanctions. First, as was just noted, the first motion had expressly been dismissed by the trial court in the dismissal judgment. Second, unlike the original motion, the new submission was filed by both William and Joan. Third, the new submission never referred back to the original motion for sanctions, but instead set forth a complete argument as to why sanctions were warranted under the facts of this case.
{¶ 15} Prior to the filing of the new motion for sanctions, appellant had filed his notice of appeal to this court regarding the dismissal judgment. Thus, because jurisdiction over this case had already been transferred form the trial court to this court, the trial court did not have the opportunity to consider the merits of the new motion at the time it was submitted. In turn, this meant that, in rendering our December 1999 judgment entry during the pendency of the first appeal in this matter, we considered the issue of the propriety of the new motion for sanctions before the trial court ever had an opportunity to address the motion.
{¶ 16} In our December 1999 judgment entry, the sole question before us was whether the trial court's dismissal judgment was a final appealable order over which we could exercise jurisdiction. At the beginning of the December 1999 judgment entry, this court indicated that we had initially questioned the finality of the dismissal judgment because, inter alia, the trial court had dismissed the first motion for sanctions "without prejudice." However, we then essentially held that the "without prejudice" language did not affect the finality of the dismissal judgment because the merits of William's motion for sanctions had been rendered moot. Citing Wise v. Gursky (1981), 66 Ohio St.2d 241, this court concluded that the trial court's denial of William's summary judgment motion had made the first motion for sanctions moot because the granting of sanctions had been contingent on the granting of summary judgment.
{¶ 17} In applying the Wise analysis to the facts of this case, the majority of our discussion in the December 1999 judgment entry focused upon the original motion for sanctions. At the end of our discussion, though, this court extended our application of Wise to the new submission which was filed following the issuance of the dismissal judgment: "In the present case, [Joan and William's] subsequent argument
for sanctions, filed on February 22, 1999, has been mooted by the trial court's prior decision of September 29, 1998, denying the primary motion for summary judgment against appellant." (Emphasis added.)
{¶ 18} The decision to extend the mootness analysis to the new submission on sanctions was inappropriate. First, the submission was not merely an "argument" in support of the original motion for sanctions, but was a new, distinct motion on the matter. Second, Wise is simply inapplicable to Joan and William's new motion for sanctions. The Wise
case involved a situation in which the trial court's decision on one claim had the effect of rendering moot a second claim, which had been pending at the same time. Based upon this, the Supreme Court of Ohio held that the judgment on the first claim was still a final order even though the trial court had never technically dismissed the second claim. Wise, supra, at 243. While the Wise holding could logically be extended to two motions pending at the same time, it is illogical to extend the holding to a situation in which the second motion is filed six months after the ruling on the first motion was made. Stated differently, the Wise
decision was inapplicable to the second motion for sanctions in the instant action because the decision on that motion would not be based solely on what was considered in ruling upon the motion for summary judgment, but would also be based upon what was considered in dismissing appellant's claim under Civ.R. 12(B)(6).
{¶ 19} In reaching the foregoing conclusion, we would emphasize that the dismissal judgment was not an interlocutory order. The dismissal judgment was a final order on the date it was issued by the trial court. Appellant filed his notice of appeal from that judgment before the new motion for sanctions was submitted, and the filing of the new motion did not affect the finality of the dismissal judgment because jurisdiction had already vested in this court. Nevertheless, even if the filing of the new motion had affected the finality of first appealed judgment, the key point for purposes of the present analysis is that it was inappropriate for this court to hold that the new motion was moot.
{¶ 20} Of course, the fact that our holding in the December 1999 judgment entry was technically incorrect would not be a sufficient reason, in and of itself, not to follow the "law of the case" doctrine. However, in applying the doctrine, this court has noted that the doctrine is viewed as a rule of practice, not as a binding rule of substantive law, and that it should not be employed in a manner which causes an unjust result. State v. Patterson (Mar. 29, 1996), 11th Dist. No. 95-T-5207, 1996 WL 210773, at 5. In light of the foregoing characterization, this court has recognized an exception to the "law of the case" doctrine, under which a trial court is allowed to disregard an appellate court's conclusion when the conclusion pertained to a matter the trial court never addressed in rendering its original decision. State exrel. Lee v. Trumbull Cty. Probate Ct. (Sept. 17, 1999), 11th Dist. No. 97-T-0150, 1999 WL 744032, at 2.
{¶ 21} In the instant case, it is readily apparent that the trial court never had an opportunity to consider the new motion for sanctions before this court issued our December 1999 judgment entry; thus, the Lee
exception to the "law of the case" doctrine was applicable in this instance. Furthermore, in light of the trial court's greater familiarity with this case, the trial court had to be aware that, although its ruling on the summary judgment motion may have mooted the original motion for sanctions, that ruling did not render moot the new motion. Under these circumstances, we conclude that the trial court did not err in refusing to follow the "law of the case" doctrine and holding that the new motion for sanctions was properly before it for consideration. Therefore, appellant's first assignment of error is without merit.
{¶ 22} In his second assignment of error, appellant contends that the trial court's judgment was against the manifest weight of the evidence. We will not reverse a trial court's decision as being against the manifest weight of the evidence if its judgment is supported by competent, credible evidence going to all of the material elements of the case. Slack v. Cropper (2001), 143 Ohio App.3d 74, 82.
{¶ 23} Appellant asserts that there was no evidence to support an award of attorney fees in the amount of $5,690.25. We disagree. At the October 27, 2000 hearing on Joan and William's motion for sanctions, the last action taken by the trial court was to admit into evidence their Exhibit K, the fee statement of Edward Joseph, the attorney representing William. Joan and William's Exhibit K is competent, credible evidence that supports the award of attorney fees made by the trial court. Therefore, appellant's second assignment of error is not well taken.
{¶ 24} For the foregoing reasons, the judgment entry of the Portage County Court of Common Pleas is affirmed.
JUDITH A. CHRISTLEY, J., DIANE V. GRENDELL, J., concur.
[1] William's August 24, 1998 motion for sanctions and his August 24, 1998 motion for summary judgment were filed as a single document. The logic applied by this court in its December 30, 1999 judgment entry was that the motion for sanctions was so dependent upon the motion for summary judgment that it could not stand alone. Therefore, although the trial court did not rule upon the August 24, 1998 motion for sanctions, it implicitly mooted it by overruling the motion for summary judgment.