[Cite as *Huntington Natl. Bank v. Donatini*, 2015-Ohio-67.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|  |  |  |
|---|---|---|
| HUNTINGTON NATIONAL BANK, | : | |
| Plaintiff-Appellee, | : | CASE NO.  CA2014-08-105 |
| | : | O P I N I O N |
| - vs - | | 1/12/2015 |
| | : | |
| KATHLEEN S. DONATINI, et al., | : | |
| Defendants-Appellants. | : | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 12CV82892

Weltman, Weinberg & Reis Co., L.P.A., Tina F. Woods, Jack J. Lah, 525 Vine Street, Suite 800, Cincinnati, Ohio 45202, for plaintiff-appellee

Harry B. Plotnick, 11069 Reading Road, #62567, Cincinnati, Ohio 45241, for defendant-appellant, Kathleen S. Donatini

David P. Fornshell, Warren County Prosecuting Attorney, Christopher A. Watkins, 500 Justice Drive, Lebanon, Ohio 45036, for defendant, Jim Aumann, Warren County Treasurer

**PIPER, P.J.**

{¶ 1} Defendant-appellant, Kathleen Donatini, appeals a decision of the Warren County Court of Common Pleas ordering funds to be disbursed to plaintiff-appellee, Huntington National Bank (Huntington), after Donatini's house was foreclosed upon and sold

at a sheriff's sale.[1]

{¶ 2}   Donatini and Huntington executed a Line of Credit Agreement, and Donatini mortgaged her home to secure the credit.   When Donatini defaulted on the terms of the mortgage, Huntington filed a complaint for foreclosure in the Warren County Court of Common Pleas.   At the time of the foreclosure complaint, Donatini owed Huntington $174,250.   Huntington's motion sought an order of foreclosure and judicial sale, but did not seek a personal monetary judgment against Donatini because her monetary obligation to Huntington had been discharged by virtue of Donatini filing a Chapter 7 bankruptcy proceeding in the U.S. Bankruptcy Court for the Southern District of Ohio.

{¶ 3}   Huntington named Donatini and the Warren County Treasurer as defendants, and service was perfected upon both.   The Warren County Treasurer filed a cross-claim for unpaid real estate taxes and assessments.   Donatini failed to file an answer to either Huntington's foreclosure complaint or to the Warren County Treasurer's cross-claim.

{¶ 4}   Despite Donatini's failure to answer the complaint, Huntington did not file a motion for default judgment.   The Warren County Treasurer, however, filed a motion for default judgment, along with a decree of foreclosure, approximately eight months after Huntington filed its foreclosure complaint.   The trial court granted the Warren County Treasurer's default judgment motion, and ordered foreclosure of Donatini's house.   Within the trial court's entry granting default judgment and the decree of foreclosure, the trial court expressly indicated that Huntington's interest was "reserved until further order of the court."

{¶ 5}   Subsequently, the trial court dismissed Huntington's complaint for failure to prosecute after Huntington received two notices of intent to dismiss from the trial court and took no action upon those notices.   However, the record does not contain any indication that

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar for the purpose of issuing this opinion.

the trial court terminated Huntington's interest even after its complaint was dismissed.

{¶ 6} At the sheriff's sale, Huntington purchased the property for $80,000. The trial court confirmed the sale, released Huntington's lien, and ordered that the proceeds be disbursed to several parties to cover the costs of the action, as well as $14,297.45 to the Warren County Treasurer for taxes and assessments. After all fees, costs, and disbursements to the Warren County Treasurer were accounted for, the trial court ordered that the remaining $64,961.65 in proceeds be held by the Warren County Clerk of Courts "pending further order" of the court.

{¶ 7} Donatini, through counsel representing the Chapter 7 Trustee, moved the trial court to distribute the net proceeds of the sale to her, arguing that she owned the home at the time of the sale, there had been no judgment of foreclosure in favor of Huntington, Huntington was not a party to the suit, and the mortgage (and Huntington's interest) had been terminated by the trial court.[2] The trial court overruled Donatini's motion, finding that it had preserved Huntington's interests by virtue of its judgment entry granting default judgment. As such, the trial court ordered the remaining proceeds held by the clerk of courts be disbursed to Huntington. Donatini now appeals the trial court's decision disbursing the proceeds to Huntington, raising the following assignment of error:

{¶ 8} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY DENYING APPELLANT'S MOTION FOR ORDER DISTRIBUTING NET PROCEEDS OF SALE TO HER.

{¶ 9} Donatini argues in her sole assignment of error that the trial court erred by awarding the proceeds of the sheriff's sale to Huntington, rather than to herself.

{¶ 10} A trial court speaks through its journal entries, and an entry is effective only

---

2. Had the proceeds been awarded to Donatini, they would have been transferred to the bankruptcy trustee who would have distributed them to Donatini's unsecured creditors.

when it has been journalized, that is, when it has been reduced to writing, signed by a judge, and filed with the clerk so that it may become a part of the permanent record of the court. *Bokeno v. Bokeno*, 12th Dist. Butler No. CA2001-07-170, 2002-Ohio-3979, ¶ 17. A trial court is in the best position to interpret its own judgment once entered. *State ex rel. DiVincenzo v. Griffing*, 11th Dist. Trumbull No. 2003-T-0050, 2004-Ohio-1961, ¶ 27.

{¶ 11} The record clearly demonstrates that the trial court reserved Huntington's interest within its judgment entry granting the Warren County Treasurer's motion for default judgment. Within that entry, the trial court expressly recognized and reserved Huntington's interest, and noted that such interest was to have its rightful priority based upon Huntington's position as the first and only mortgagee.

{¶ 12} In full, the trial court's entry reserving Huntington's interests states, "it is further ORDERED that the interest of Plaintiff, the Huntington National Bank is recognized and its rights and priorities are reserved until further order of the court." (Emphasis sic.) Donatini argues that the trial court's condition "until further order of the court" was triggered once the trial court dismissed Huntington from the case for failure to prosecute and that Huntington was divested of its interest the moment the trial court dismissed Huntington from the case. Like the trial court, we disagree with this assertion.

{¶ 13} As expressly demonstrated by the record, the trial court specifically reserved Huntington's rights and noted that such reservation would continue until the court *ordered* that Huntington no longer had an interest. While the trial court dismissed Huntington as a party to the case, it never *ordered* Huntington's interest discharged or terminated. As such, the trial court's order that Huntington's interests would be reserved "until further order of the court" remained intact.

{¶ 14} We also disagree with Donatini's argument that the trial court's nunc pro tunc entry clarifying its dismissal of Huntington for lack of prosecution failed to maintain

- 4 -

Huntington's interest. Within the trial court's nunc pro tunc entry, it clarified that it was sua sponte dismissing Huntington from the case for lack of prosecution of its foreclosure complaint. While the trial court did not expressly include language reserving Huntington's interest, any such language would have been unnecessary.

{¶ 15} Rather, the trial court's entry reserving Huntington's interest "until further order of the court" was still in effect, and was not changed in any manner by the trial court's issuance of the nunc pro tunc entry indicating that its dismissal of Huntington was done sua sponte and for lack of prosecution. If anything, the nunc pro tunc entry gave the trial court an opportunity to terminate Huntington's interest. Nevertheless, the trial court included no such language terminating Huntington's interest, and no such order of termination was included in the nunc pro tunc entry or any subsequent entry.

{¶ 16} Moreover, within the trial court's entry reserving Huntington's interest, the trial court "forever barred" Donatini from asserting an interest in the proceedings by failure to file responsive pleadings to the complaint, cross-claim, motion for default judgment, and decree of foreclosure. Donatini argues that the trial court's entry stating that she was forever barred from asserting an interest in the proceedings due to her failure to file responsive pleadings did not divest her of her ownership interest in the property. This is the exact same reasoning the trial court, and this court, apply when determining that Huntington did not lose its interest simply because it was not a party to the action. The simple fact that a person or entity is not a party to a suit does not automatically divest them of their interest. Donatini argues that the trial court's dismissal of Huntington's foreclosure complaint pursuant to Civ.R. 41(B)(1) was an adjudication on the merits, thus further terminating Huntington's interest as mortgagee.[3]

---

3. Normally, a trial court's dismissal of a claim pursuant to Civ.R. 41 divests the trial court of jurisdiction to make any further rulings or orders on that case. *State ex rel. Hummel v. Sadler,* 96 Ohio St.3d 84, 2002-Ohio-3605, ¶ 22. However, the trial court's dismissal of Huntington's default judgment motion did not impact the Warren County Treasurer's motion for default judgment against Donatini, and the trial court maintained jurisdiction to

However, while the foreclosure complaint was dismissed for lack of prosecution, such a dismissal acted only to dismiss the complaint, it did not divest Huntington of its interest or rights as a mortgagee. Just as Donatini remained the owner of the property until it was sold in the sheriff's sale, Huntington retained its interest as the mortgagee of that property— whether or not Donatini or Huntington were parties to the action.

{¶ 17} Huntington neither lost its interest by virtue of no longer being a party to the action, nor by virtue of the trial court's release of Huntington's lien when it confirmed the sheriff's sale. Nevertheless, Donatini argues that the trial court failed to protect Huntington's interest in the proceeds of sale within its confirmation entry. The trial court, however, specifically ordered the Clerk of Courts to hold the balance of the proceeds until further order of the court, yet never terminated Huntington's interest in those proceeds or stated that Huntington was not entitled to the proceeds. The trial court never made an order or entry stating that Huntington's interest was terminated, and instead, further recognized that Huntington's interest was valid by ordering that the remaining proceeds be disbursed to Huntington as mortgagee.

{¶ 18} After a review of the record and a consideration of the unique circumstances of this case, we find that the trial court properly ordered disbursement to Huntington. As such, Donatini's assignment of error is overruled.

{¶ 19} Judgment affirmed.

RINGLAND, P.J., and HENDRICKSON, J., concur.

---

dispose of that cross-claim. *McKay v. Promex Midwest Corp.*, 2d. Dist. Montgomery No. 20112, 2004-Ohio-3576, ¶ 36.