[Cite as *Nolan v. Ernst*, 2017-Ohio-1011.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| JULIE NOLAN, | : | |
| Plaintiff-Appellant, | : | CASE NO.  CA2016-06-045 |
| | : | O P I N I O N |
| - vs - | | 3/20/2017 |
| | : | |
| DAVID E. ERNST, et al., | : | |
| Defendants-Appellees. | : | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 14 CV 86632

F. Harrison Green, Executive Park, Suite 230, 4015 Executive Park Drive, Cincinnati, Ohio 45241, for plaintiff-appellant

Winter Trimacco Co., LPA, Courtney J. Trimacco, Jason D. Winter, 600 Superior Avenue East, Suite 1300, Cleveland, Ohio 44114, for defendants-appellees, David E. Ernst and Ernst & Associates

**PIPER, J.**

{¶ 1}   Plaintiff-appellant, Julie Nolan, appeals a decision of the Warren County Court of Common Pleas awarding summary judgment in favor of defendant-appellee, David Ernst.[1]

{¶ 2}   Ernst and his firm, Ernst & Associates, represented Nolan in divorce

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar for the purposes of issuing this written opinion.

proceedings to which she was a party. After Nolan was disappointed with the results of the divorce proceedings, she filed a malpractice claim against Ernst. In the suit, Nolan alleged that Ernst failed to diligently prosecute her divorce claim in regard to support and custody issues, and that Ernst falsely represented to her that he had adequately investigated marital assets at issue in the divorce.

{¶ 3} The trial court scheduled a case management conference and issued a scheduling order with certain cutoff dates. A trial was scheduled for June 27, 2016, and the cutoff date for Nolan to file an expert report was January 15, 2016. Prior to this date, Nolan identified Teri Wallace as her expert. However, Nolan did not file an expert report setting forth a summary of Wallace's expected testimony by the required date set forth in the scheduling order.

{¶ 4} On February 29, 2016, Ernst filed a motion for summary judgment, claiming that absent expert testimony, Nolan could not prove the allegations in her complaint. The trial court sent a notice of a nonoral hearing on Ernst's motion for summary judgment, and indicated that such hearing would occur on March 29, 2016. After Nolan was granted an extension of time to respond to Ernst's motion for summary judgment, she filed a memorandum in opposition to summary judgment, arguing that expert testimony was not necessary to carry her burden, so that summary judgment should be denied.

{¶ 5} The trial court determined that Nolan had not filed an expert report according to the terms of the scheduling order, and therefore could not prove her claims given the lack of expert testimony. The court granted Ernst's motion for summary judgment, finding that Ernst was entitled to judgment as a matter of law, and such entry was journalized on April 27, 2016. On May 10, 2016, Nolan filed a notice of voluntary dismissal on the case. However, the trial court notified Nolan that its entry on April 27, 2016 had already disposed of the case. Nolan now appeals the trial court's order, raising the following assignment of error.

{¶ 6} THE TRIAL COURT ERRED BY DISMISSING APPELLANT/PLAINTIFF'S CASE WITH PREJUDICE INSTEAD OF ALLOWING APPELLANT/PLAINTIFF TO DISMISS THE CASE VOLUNTARILY WITHOUT PREJUDICE WHERE PLAINTIFF SOUGHT TO VOLUNTARILY DISMISS THE CASE WITHOUT PREJUDICE BEFORE PLAINTIFF WAS NOTIFIED OF THE DISMISSAL.

{¶ 7} Nolan argues in her assignment of error that the trial court erred in dismissing her case. However, it is clear from the trial court's entry that it granted summary judgment in favor of Ernst, and did not sua sponte dismiss the case for failure to prosecute. Within the trial court's entry, which was issued in response to Ernst's motion for summary judgment and Nolan's memorandum in opposition to such motion, the trial court stated, Ernst's "motion for summary judgment is sustained and judgment is granted to the Defendants, costs to Plaintiff." There is no language to indicate that any dismissal was entered for failure to prosecute or otherwise. As such, we will address the merits of the motion for summary judgment.[2]

{¶ 8} This court's review of a trial court's ruling on a summary judgment motion is de novo. *Lindsay P. v. Towne Properties Asset Mgt. Co.*, 12th Dist. Butler No. CA2012-11-215, 2013-Ohio-4124, ¶ 16. Civ.R.56 sets forth the summary judgment standard and requires that there be no genuine issues of material fact to be litigated, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion which is adverse to the nonmoving party. *Slowey v. Midland Acres, Inc.*, 12th Dist. Fayette No. CA2007-08-030, 2008-Ohio-3077, ¶ 8. The moving party has the burden of demonstrating that there is no genuine issue of material fact. *Harless v. Willis Day Warehousing Co.*, 54

---

2. Perhaps anticipating our recognition that the case was disposed through a judgment on Ernst's motion for summary judgment rather than dismissal for failure to prosecute, Nolan argues the merits of the summary judgment decision in her appellate brief. As such, we choose to address her argument about summary judgment despite the wording of her assignment of error.

Ohio St.2d 64 (1978).

{¶ 9} The nonmoving party "may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing the existence of a genuine triable issue." *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385 (1996). A dispute of fact can be considered "material" if it affects the outcome of the litigation. *Myers v. Jamar Enterprises*, 12th Dist. Clermont No. CA2001-06-056, 2001 WL 1567352, *2 (Dec. 10, 2001). A dispute of fact can be considered "genuine" if it is supported by substantial evidence that exceeds the allegations in the complaint. *Id.*

{¶ 10} To establish a cause of action for legal malpractice, the plaintiff must show (1) an attorney-client relationship giving rise to a duty, (2) a breach of that duty, and (3) damages proximately caused by the breach. *Krahn v. Kinney*, 43 Ohio St.3d 103, 105 (1989). In an action for legal malpractice, expert testimony is required to establish the professional standard of performance except where the breach of duty to a client is so obvious that it is within the ordinary knowledge and experience of laymen. *Little v. Peeler, McGary & Zopff*, 12th Dist. Clermont No. CA96-07-056, 1997 WL 18287, *2 (Jan. 21, 1997).

{¶ 11} The record indicates that Nolan filed her malpractice claim, and asserted that Ernst was retained as counsel to address matters raised in her divorce proceedings specific to custody issues of the minor children, division of property, psychological tests, prior acts of domestic violence, pension information, premarital assets, spousal and child abuse, husband's yearly income including bonuses and stock options, expenses of the family, special needs of the children, and Nolan's own prior history of income and employment.

{¶ 12} Nolan further alleged in her malpractice complaint that Ernst had failed to prosecute her claims regarding spousal and child support, valuation of marital real estate, appointment of a guardian ad litem for the minor children, and the termination date of the marriage. Nolan also alleged that Ernst failed to address issues related to her ex-husband's

destruction of marital and premarital property. Nolan also claimed that Ernst failed to raise affirmative defenses, and that Ernst negotiated issues regarding custody without her approval.

{¶ 13} We find that these issues require expert testimony to establish the professional standard of performance because the breach of duty to a client based on these issues is not so obvious that it is within the ordinary knowledge and experience of laymen. The issues raised by Nolan include subject matter that is even difficult for experts to address, such as calculation of income based on bonuses and stock options; classification of property as marital or premarital; special needs for children; pension and retirement determination; and psychological testing. We cannot say that laymen would possess the necessary knowledge and experience to understand and address these issues without the aid of expert testimony.

{¶ 14} The record indicates, and Nolan does not dispute, that she failed to produce an expert's report by the cutoff date stated in the trial court's scheduling order. The order specifically provides that all dates provided are "final" and that no continuances would be considered absent a written motion filed at least seven days before a given deadline. Nolan did not file any motions for a continuance of the cutoff date for her expert report, and failed to provide the report by the given date. According to the Warren County Court of Common Pleas' local rules, expert witnesses can only be called at trial if the party has produced a report in accordance with the scheduling order. Absent such a report, Nolan was therefore precluded from offering expert testimony in support of her claims. As such, and without any expert testimony to support Nolan's claims, Ernst was entitled to judgment as a matter of law.

{¶ 15} The trial court properly recognized that Nolan could not prove her case and that no material issues remained for litigation. The trial court journalized its entry granting summary judgment in favor of Ernst on April 27, 2016. That final appealable order disposed of the case by entering judgment in favor of Ernst so that Nolan's subsequent attempt to

voluntarily dismiss her case was a nullity. *See State ex rel. Engelhart v. Russo*, 131 Ohio St.3d 137, 2012-Ohio-47, ¶ 17 ("It is true that a notice of voluntary dismissal filed after the trial court enters summary judgment is of no force and effect and is a nullity").

{¶ 16} Nolan essentially argues that her voluntary dismissal was effective because she was unaware that the trial court had entered summary judgment in favor of Ernst. However, Civ.R. 58(A) provides that a judgment is effective when entered by the clerk. Journalization requires the judgment to be reduced to writing, signed by the judge, and filed with the clerk to become part of the permanent court record. *Huntington Natl. Bank v. Donatini*, 12th Dist. Warren No. CA2014-08-105, 2015-Ohio-67, ¶ 10. All of these steps were performed on April 27, 2016 so that Nolan's attempt to voluntarily dismiss on May 10, 2016 was ineffective.

{¶ 17} After reviewing the record, we find that the trial court properly granted summary judgment and that Nolan's attempt to voluntarily dismiss the case was null and void. As such, Nolan's assignment of error is overruled.

{¶ 18} Judgment affirmed.

S. POWELL, P.J., and RINGLAND, J., concur.