[Cite as *Gabel v. RMH Franchise Corp.*, 2026-Ohio-2035.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

MIA GABEL,                                              :

    Appellant,                                          :

vs.                                                    :

RMH FRANCHISE CORPORATION dba      :
APPLEBEE'S GRILL AND BAR, et al.

    Appellees.                                          :

                                             :

CASE NO. CA2025-11-088

<u>OPINION AND
JUDGMENT ENTRY</u>
6/1/2026

CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2025 CVC 00740

Gallagher Sharp LLP, and Phillip T. Kelly and Steven A. Keslar, for appellee, RMH
Franchise Corporation dba Applebee's Bar and Grill.

Law Offices of Blake R. Maislin, LLC, and Thomas J. Dall, Jr., for appellant.

<u>**O P I N I O N**</u>

**PIPER, J.**

{¶ 1} Appellant, Mia Gabel, appeals the decision of the Clermont County Court of

Common Pleas granting summary judgment in favor of appellee, RMH Franchise

Corporation D/B/A/ Applebee's Bar and Grill (hereinafter "RMH"), and finding Gabel's claims are barred by res judicata. For the reasons set forth below, we affirm.

## I. Factual and Procedural Background

{¶ 2}   On March 23, 2021, Mia Gabel slipped and fell on her way to the restroom at the Applebee's Restaurant in Batavia, Ohio, and seriously injured her knee. Gabel speculated that the restaurant used greasy mop water on the floor, leaving a slippery film that caused her to slip.

{¶ 3}   On March 3, 2023, Gabel filed suit in the Clermont County Court of Common Pleas, alleging a premises liability claim against Applebee's Restaurants, LLC DBA Applebee's Grill + Bar, and a declaratory judgment claim against the Ohio Department of Medicaid (hereinafter "ODM") for any subrogation interest it had in the lawsuit. Gabel later amended her complaint to add RMH and 4440 Glen Este, LLC as defendants to the same premises liability claim. However, on May 22, 2023, the parties stipulated and agreed that Applebee's Restaurants, LLC and 4440 Glen Este, LLC were not real parties in interest and that they would be dismissed without prejudice, leaving only RMH and ODM as defendants.

{¶ 4}   The parties engaged in discovery and RMH moved for summary judgment arguing that Gabel failed to establish a premises liability claim as a matter of law. On September 30, 2024, the trial court granted summary judgment in favor of RMH. In its decision, the trial court found there was no evidence that any of RMH's employees had created a hazardous condition on the floor, and no evidence that RMH or its employees had any notice of such a hazard; Gabel could only speculate as to the condition of the floor and its cause, therefore she failed to submit any evidence to generate a genuine

issue of material fact. The decision did not address Gabel's declaratory judgment claim against ODM. On December 5, 2024, Gabel filed a Civ.R. 41(A) notice of dismissal of her case without prejudice.

{¶ 5} Six months later, on May 12, 2025, Gabel refiled her complaint against RMH and ODM, bringing the same claims as before. After filing its answer, RMH moved for summary judgment based on res judicata and claim preclusion, and on October 7, 2025, the trial court granted the same.

{¶ 6} Gabel now appeals the grant of summary judgment to RMH in her second case.

## II. Legal Analysis

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ERRED, TO THE SUBSTANTIAL PREJUDICE OF THE PLAINTIFF, BY GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON THE BASIS OF RES JUDICATA/CLAIM PRECLUSION.

{¶ 9} Assignment of Error No. 2:

{¶ 10} WHEN THE ELEMENTS OF RES JUDICATA ARE NOT MET, THE TRIAL COURT COMMITS PREJUDICIAL AND REVERSIBLE ERROR BY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON THE BASIS OF RES JUDICATA/CLAIM PRECLUSION.

{¶ 11} In her two assignments of error, Gabel argues that the trial court erred in granting summary judgment to RMH on the basis of res judicata because the prior 2024 summary judgment decision did not constitute a final judgment. In support, she maintains she still had a pending claim against ODM, the decision did not include any language

pursuant to Civ.R. 54(B) that it was a final appealable order, and the clerk of courts did not issue a Civ.R. 58 notice advising her that it was a final appealable order. Gabel asserts that because the decision was not a final judgment, it was nullified when she voluntarily dismissed the case on December 5, 2024, and therefore she could properly refile her claims in her second case. Gabel also asserts that the parties to these two cases are not identical. We find Gabel's arguments are without merit.

Res Judicata and Voluntary Dismissals

{¶ 12} "The doctrine of res judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel)." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381 (1995). This case involves claim preclusion. Claim preclusion makes an existing final judgment or decree between the parties to litigation conclusive as to all claims which were or might have been litigated in a first lawsuit. *Lycan v. Cleveland*, 2022-Ohio-4676, ¶ 23.

{¶ 13} "'[C]laim preclusion has four elements in Ohio: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.'" *Id.*, quoting *Hapgood v. Warren*, 127 F.3d 490, 493 (6th Cir.1997).

{¶ 14} Generally, when a case involves multiple parties and summary judgment is rendered in favor of fewer than all the parties, no final appealable order exists. *Ashbaugh v. Family Dollar Stores*, 2000 Ohio App. LEXIS 252, at *3 (4th Dist. Jan. 20, 2000); See Civ.R. 54(B). Where the summary judgment merely constitutes an interlocutory order,

Civ.R. 41(A) permits a plaintiff to voluntarily dismiss all claims asserted by that plaintiff against a defendant without prejudice. "A dismissal without prejudice leaves the parties as if no action had been brought at all." *Denham v. New Carlisle*, 1999-Ohio-128, ¶ 14. However, an attempt to voluntarily dismiss a case is a nullity when it is filed after the trial court has already disposed of the case by rendering a final judgment. *Nolan v. Ernst*, 2017-Ohio-1011, ¶ 15 (12th Dist.); *See State ex rel. Engelhart v. Russo*, 2012-Ohio-47, ¶ 17 ("It is true that a notice of voluntary dismissal filed after the trial court enters summary judgment is of no force and effect and is a nullity."). A summary judgment addressing fewer than all claims may constitute a final judgment if the determination of some of the claims renders the remaining claims moot.

### Mootness of Subrogation and Final Judgments

{¶ 15} Gabel argues that the trial court's summary judgment decision in her first case was not a final judgment because it did not determine her claim against ODM and because it did not expressly state there was no just reason to delay an appeal in accordance with Civ.R. 54(B). Nevertheless, the Supreme Court of Ohio has observed that "even though all the claims or parties are not expressly adjudicated by the trial court, if the effect of the judgment as to some of the claims is to render moot the remaining claims or parties, then compliance with Civ. R. 54(B) is not required to make the judgment final and appealable." *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 21 (1989). Stated otherwise, "a judgment in an action which determines a claim in that action and has the effect of rendering moot all other claims in the action as to all other parties to the action is a final appealable order pursuant to R.C. 2505.02, and Civ.R. 54(B) is not applicable to such a judgment." *Wise v. Gursky*, 66 Ohio St.2d 241, 243 (1981). "The

absence of Civ.R. 54(B) language will not render an otherwise final order not final." *Gen. Acc. Ins. Co.* at 21.

{¶ 16} In the first case, the trial court granted summary judgment in favor of RMH and found that Gabel could not prevail in her premises liability claim. Accordingly, there were no damages for ODM to have a subrogation interest in, and therefore, Gabel's declaratory judgment claim against ODM was rendered moot even though it was not expressly adjudicated. *See Ashbaugh*, 2000 Ohio App. LEXIS 252, *3, fn. 2 (finding that a direct claim against an insurer who may claim a right of subrogation is rendered moot by a summary judgment in favor of the tortfeasor on the issue of liability; even though summary judgment did not specifically address subrogation, it was a final appealable order.); *see also Strayer v. Cox*, 2015-Ohio-2781, ¶ 24-26 (finding the lack of a Civ.R. 54[B] certification did not prevent the summary judgment in favor of the tortfeasor from being final because it mooted the insurer's subrogation claims.). A declaratory judgment as to the extent of ODM's right to subrogation would settle no controversy and be purely advisory. Because Gabel's remaining claim against ODM was moot, the summary judgment in favor of RMH in the first case constituted a final judgment.

Identical Parties

{¶ 17} Gabel also asserts that the parties in the two cases are not identical because RMH was not a named party-defendant in the original complaint. However, Gabel filed an amended complaint in the first case that added RMH as a defendant and she later stipulated that Applebee's Restaurants, LLC and 4440 Glen Este, LLC were not real parties in interest and should be dismissed. When the first summary judgment was rendered, RMH and ODM were the only remaining defendants. When Gabel filed the

second case, RMH and ODM were again the defendants. We find the parties were identical.

### III. Conclusion

{¶ 18} Because the first summary judgment determined Gabel's claim against RMH and mooted her remaining claim against ODM, it was a final judgment. And because Gabel filed her notice of voluntary dismissal after this final judgment was journalized, her notice of dismissal was a nullity. Accordingly, res judicata precluded Gabel from relitigating the same claims against the same parties in her second case.

{¶ 19} We find the trial court did not err in granting summary judgment in favor of RMH. Gabel's two assignments of error are overruled.

{¶ 20} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.

## J U D G M E N T   E N T R Y

The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Clermont County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

*/s/ Robert A. Hendrickson, Presiding Judge*

*/s/ Robin N. Piper, Judge*

*/s/ Mike Powell, Judge*